LEE, J.,
for the Court:
f 1. The appellant, Fifí Davis, appeals from the Circuit Court of Neshoba County, Mississippi wherein she was indicted for three counts of uttering forgery in violation of Miss.Code Ann. § 97-21-59 (Rev. 1994) and found guilty after a trial by jury on all three counts. She was sentenced to a total of twenty years in the custody of the Mississippi Department of Corrections and fined $1,500. Davis appeals after the denial of a motion for a new trial.
FACTS
¶ 2. On July 18, July 20, and July 21 of 1998, Fifi Davis presented three different checks at Turner Hardware to be cashed. The three checks were counter checks drawn on the account of Jimmie and Brad Permenter at the National Bank of Commerce of Mississippi and were dated July 15, July 19, and July 20 of 1998. The checks were made out for $600, $500, and $550, respectively. The first two checks were cashed at the hardware store; however, suspicious employees contacted the bank when Davis presented the third check and did not cash it because there were insufficient funds in the account to cover this check. At this time the incident was reported to local authorities.
ISSUES
I. WAS HEARSAY EVIDENCE IMPROPERLY ADMITTED AT TRIAL?
¶ 3. Mississippi Rules of Evidence 801(c) defines hearsay as' “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Two of the three checks entered into evidence displayed red markings which Davis contended were hearsay. Her objections regarding the markings were sustained except for one, and all of the markings except for that particular one were stricken from the face of the checks. Looking at the record and comparing the checks entered as exhibits with the ones presented in the indictment, the language which was stricken from two of the checks on the timely objection of Davis stated “SIGNATURE DOES NOT AGREE WITH ONE ON FILE.” This statement was obviously retracted because it went to the truth of the matter asserted.
¶ 4. The marking which was not stricken from the face of one of the checks read, “DO NOT PRESENT AGAIN AS A CASH ITEM.” Davis asserts that this statement clearly constitutes hearsay, created bias with the jury, and should not have been presented to the jury. It is our opinion that this unstricken statement does not constitute- ■ hearsay. The complained of language does not go to any element of the offense of uttering, and we do not consider it to be prejudicial to Davis since the account was not Davis’s. In support of her argument, Davis cites Copeland v. City of Jackson, 548 So.2d 970, 975 (Miss.1989). That case states that a police report allowed into evidence pursuant to M.R.E. 803(6) under the business records exception should not be construed as holding that all of the contents of the report were necessarily admissible. Notations in such a report which are recitations of statements of others may not be admissible. We disagree with the applicability of Copeland with the facts in this case and find no error in the court not having stricken the statement.
II. WAS AN IMPROPER AND MISLEADING STATEMENT ALLOWED DURING CLOSING ARGUMENT?
¶ 5. Davis claims that the State improperly argued facts not in evidence. Specifically, she complains of a comment made during closing argument that Brad Permenter would have spelled his name *349 correctly if he had actually signed the checks. It should also be noted that the defense did not object to the prosecutor’s closing argument, and the issue has therefore not been preserved for appeal. See Hunter v. State, 684 So.2d 625, 637 (Miss.1996) (citing Foster v. State, 639 So.2d 1263, 1287 (Miss.1994)). (“[I]t is incumbent on defense counsel to raise a proper objection when the offensive language is uttered or waive appellate review of the issue.”) This assignment of error is therefore procedurally barred.
¶ 6. Nevertheless, we assert that such is not an improper comment. Arguing statements of fact which are not in evidence or necessarily inferable from facts in evidence which are prejudicial to the defendant is error. Blue v. State, 674 So.2d 1184, 1214 (Miss.1996). The State was not arguing statements of fact which were not in evidence, rather, it was merely commenting on evidence that had been presented before the jury and which was available to it. The jury had the check itself and an exemplar of Brad Permen-ter’s actual signature for its own evaluation and review. Trial counsel is granted wide latitude during closing argument. Johnson v. State, 416 So.2d 383, 391-92 (Miss.1982). We thus find no merit to this assignment of error.
¶ 7. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF UTTERING FORGERY (3) COUNTS: COUNT I SENTENCE OF TEN YEARS AND FINE OF $1,500; COUNT II SENTENCE OF FIVE YEARS TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNT I; COUNT III SENTENCE OF FIVE YEARS TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNTS I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.